UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CRAIG A. JACKSON,

                          Plaintiff,

-against-                                            9:23-CV-306 (LEK/PJE)

SERGEANT WEST, *et al.*,

                          Defendants.

## MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

Plaintiff Craig A. Jackson brings this pro se action pursuant to 42 U.S.C. § 1983 against Defendants Sergeant West, D. Fenlong, and eight John Does, asserting violations of his constitutional rights. Dkt. No. 1. Defendants West and Fenlong filed a motion for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies before commencing this action. Dkt. No. 26 ("Motion"). On February 20, 2025, the Honorable Paul Evangelista, United States Magistrate Judge, issued a report and recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d), recommending that the Motion be granted. Dkt. No. 30 ("Report and Recommendation").

No party has filed objections to the Report and Recommendation. For the reasons that follow, the Court adopts the Report and Recommendation in its entirety.

### II.    BACKGROUND

The Court assumes familiarity with the factual background detailed in the Court's April 18, 2023 Memorandum-Decision and Order. *See* Dkt. No. 4 at 2–3.

In his analysis, Judge Evangelista first noted that Plaintiff filed four grievances relating to the staff assault that occurred in April 2022. *Id.* at 8. Those grievances were consolidated into one, *id.*, which was denied on May 5, 2022, *id.* at 9. Judge Evangelista then explained that Plaintiff was informed that he could appeal the decision to the Superintendent of his facility, but the records reveal that he never did so. *Id.* While Plaintiff testified that he did file an appeal, Judge Evangelista found Plaintiff's testimony to be "littered with contradictions and lack[ing] support," such that there was no genuine dispute of fact on this issue. *Id.* at 15. He concluded that Plaintiff did not exhaust his administrative remedies. *Id.* at 17.

Judge Evangelista then examined whether the grievance process was "unavailable" to Plaintiff, such that Plaintiff may be excused from the exhaustion requirement. *Id.* at 19–31. First, Judge Evangelista found that "[P]laintiff has failed to demonstrate that his lack of understanding of [the] grievance process amounts to the grievance process being so opaque to be rendered incapable of use." *Id.* at 25–26. Next, Judge Evangelista found that "[P]laintiff has failed to demonstrate a material question of fact as to whether the grievance process amounted to a 'dead end' such that administrative remedies were unavailable to him." *Id.* at 29. Lastly, Judge Evangelista explained that "Plaintiff fails to demonstrate that administrative remedies were unavailable to him on the ground that prison administrators thwarted him from taking advantage of a grievance process through machination, misrepresentation, or intimidation. *Id.* at 31 (cleaned up).

Judge Evangelista thus recommended that the Motion be granted in its entirety. *Id.* at 33. Further, Judge Evangelista recommended that the Court *sua sponte* dismiss Plaintiff's claims against the eight John Does, because discovery has completed and Plaintiff failed to identify the defendants. *Id.* at 31–32.

### III. LEGAL STANDARD

"Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1)(C); *see also* L.R. 72.1. However, if no objections are made, a district court need only review a report and recommendation for clear error. *See DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009) ("The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record."). Clear error "is present when upon review of the entire record, the court is left with the definite and firm conviction that a mistake has been committed." *Rivera v. Fed. Bureau of Prisons*, 368 F. Supp. 3d 741, 744 (S.D.N.Y. 2019) (cleaned up). Upon review, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### IV. DISCUSSION

No party objected to the Report and Recommendation within fourteen days after being served with a copy of it. Accordingly, the Court reviews the Report and Recommendation for clear error. *See DiPilato*, 662 F. Supp. 2d at 339. Having found none, the Court approves and adopts the Report and Recommendation in its entirety.

### V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report and Recommendation, Dkt. No. 30, is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that the motion for summary judgment, Dkt. No. 26, is **GRANTED**; and it is further

**ORDERED**, that the Clerk close this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:  March 14, 2025
         Albany, New York

LAWRENCE E. KAHN
United States District Judge